## Ginn, Appellant, v. Pennsylvania Railroad Company.

*Negligence—Railroads—Passenger—Presumption—Burden of proof—Evidence—Nonsuit.*

In an action by a passenger against a railroad company to recover damages for personal injuries, the plaintiff in order to cast upon the defendant the burden of disproving negligence, must show that the injury complained of resulted from the breaking of machinery, collision,

derailment of cars, or something improper or unsafe in the conduct of the business or in the appliances of transportation.

Where a passenger on a railroad train while sitting at the window of a car is injured by a missile, the nature and origin of which are unknown, and there is nothing to connect the accident with a defect in any of the appliances of transportation or any negligence on the part of the company or its employees, there can be no recovery against the company.

In an action by a passenger against a railroad company to recover damages for personal injuries by the breaking of a window pane of a car in which he was seated, a nonsuit is properly entered where the only evidence as to the cause of the accident is that of the plaintiff himself who said that immediately before the window was struck and broken, he heard two sharp reports like the explosion of a torpedo, and that an engine of a train on the track adjoining was just opposite his window.

Argued Feb. 11, 1908. Appeal, No. 13, Jan. T., 1908, by plaintiff, from order of C. P. Chester Co., Aug. T., 1906, No. 9, refusing to take off nonsuit in case of James N. Ginn v. Pennsylvania Railroad Company. Before MITCHELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BUTLER, J.

At the trial it appeared that on December 7, 1905, plaintiff was a passenger on one of the defendant's trains from Philadelphia to Coatesville. While he was occupying a seat in a car next to a window, which was closed, the window pane was suddenly broken, and plaintiff's eyes were cut by particles of glass. Plaintiff testified that immediately before the accident he heard a train on the next track, and as he turned to look out the window he heard two explosions, and an object flew up and hit the window, and that the object looked like a piece of tin, and resembled a torpedo.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Robert S. Gawthrop*, with him *Walter E. Greenwood*, for appellant.—Under the established facts the jury should have

been permitted to draw the inference of the company's connection with the cause of the accident, which would raise a prima facia presumption of negligence and throw upon it the burden of proving that it did not exist: Stager v. Pass. Ry. Co., 119 Pa. 70 ; Penna. R. R. Co. v. Mackinney, 124 Pa. 462; Thomas v. R. R. Co., 148 Pa. 180 ; Ault v. Cowan, 20 Pa. Superior Ct. 616 ; Fleming v. Ry. Co., 158 Pa. 130 ; Bernhardt v. R. R. Co., 159 Pa. 360 ; Fredericks v. R. R. Co., 157 Pa. 103 ; Hayman v. R. R. Co., 118 Pa. 508 ; Herstine v. R. R. Co., 151 Pa. 244.

*A. M. Holding*, with him *John J. Pinkerton*, for appellee. —There was no evidence in this case to establish the fact that the accident complained of was the result of the explosion of a torpedo.   A mere scintilla of evidence, or a mere surmise that the carrier may have been guilty of negligence, will not justify a verdict against him : Thomas v. R. R. Co., 148 Pa. 180 ; Ault v. Cowan, 20 Pa. Superior Ct. 616 ; Spencer v. Ry. Co., 105 Wis. 311 (81 N. W. Repr. 407); Savitz v. R. R. Co., 199 Pa. 218 ; Alexander v. Water Co., 201 Pa. 252 ; Toomey v. Ry. Co., 3 Common Bench (N. S.), 146 ; Cotton v. Wood, 8 C. B. (N. S.) 568 ; Hammack v. White, 11 C. B. (N. S.) 558 ; Curtis v. R. R. Co., 18 N. Y. 534 ; LeBarron v. Ferry Co., 93 Mass. 312 ; Joy v. Winnisimmet Co., 114 Mass. 63 ; Kendall v. Boston, 118 Mass. 234 ; Edgerton v. Railroad Co., 39 N. Y. 227.

OPINION BY MR. JUSTICE ELKIN, April 20, 1908 :

This appeal raises primarily the question of burden of proof. Under the facts proven at the trial, was the burden of proof on the defendant company to show that the injury for which appellant claims damages was in no way the result of its negligence, or was the burden on appellant to establish the negligence of the defendant company.   In order to cast this burden on the defendant company it was necessary for appellant to establish that the injury complained of resulted from the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business or in the appliances of transportation: Thomas v. Railroad Company, 148 Pa. 180.   This case is also authority for the rule that where a passenger on a railroad train while sitting at the

window of a car was injured by a missile, the nature and origin of which were unknown, and there was nothing to connect the accident with a defect in any of the appliances of transportation or any negligence on the part of the company or its employees, there can be no recovery against the company. These principles rule the present case. The evidence produced at the trial was not sufficient to establish the fact that the injury complained of resulted from the breaking of machinery, collision, derailment of cars or anything improper or unsafe in the conduct of the business of the railroad or in the appliances of transportation. The evidence was not sufficient to establish the fact that the accident complained of was the result of the explosion of a torpedo. The case of Ault v. Cowan, 20 Pa. Superior Ct. 616, is in point. In that case the allegation was that the injury had been occasioned by the explosion of a torpedo, and it was held that there can be no recovery unless the plaintiff prove by affirmative evidence that the cause of the explosion was one for which defendant was liable. The only evidence in the present case on the question of the explosion of a torpedo was that of the plaintiff himself who said that immediately before the window was struck he heard two sharp reports like the explosion of a torpedo and that an engine of a train on the track adjoining was just opposite his window, and from these facts the appellant contends that the jury should have been permitted to infer that the accident was occasioned by the explosion of a torpedo. We think the evidence was not sufficient for this purpose. At most it was a mere guess or conjecture, and something more definite must be established as the foundation of an action for damages.

Judgment affirmed.