# Sutton *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Passengers—Presumption — Slippery condition of step—Evidence.*

1. In an action by a passenger to recover damages against a common carrier for personal injuries sustained while alighting from a train, no presumption of negligence arises from the presence on the steps of the car of a thin layer of ice. The presumption only arises where the evidence shows that the injury complained of resulted from the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business or in the appliances of transportation.

2. In such a case the question of the defendant's negligence should be submitted to the jury where there is evidence that the ice had accumulated on the step on a prior day, or at an earlier hour of the day of the accident, and had been negligently permitted to remain on the step when proper inspection would have discovered it.

Argued Jan. 10, 1911. Appeal, No. 143, Jan. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1904, No. 1,258, on verdict for plaintiff in case of W. Henry Sutton v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

At the trial it appeared that the plaintiff was injured on January 26, 1904, while alighting from a car of one of defendant's trains at Broad street station in the city of Philadelphia.

The facts connected with the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,000.

*Errors assigned* were (1) affirmance of plaintiff's fourth point quoted in the opinion of the Supreme Court; (2) refusal of binding instructions for defendant, and (3) refusal to enter judgment for defendant n. o. v.

*John Hampton Barnes,* for appellant.—No presumption of negligence by the defendant arises from the evidence in the case: Fearn v. Ferry Co., 143 Pa. 122; Thomas v. R. R. Co., 148 Pa. 180; Bernhardt v. R. R. Co., 159 Pa. 360; Green v. R. R. Co., 214 Pa. 240.

The court should have given binding instructions for the defendant or should have entered judgment for the defendant non obstante veredicto: Fearn v. Ferry Co., 143 Pa. 122; Palmer v. Penna. R. R. Co., 111 N. Y. 488 (18 N. E. Repr. 859); Pittsburg, C., C. & St. L. Ry. Co. v. Aldridge, 27 Ind. App. 498 (61 N. E. Repr. 741); Cromley v. R. R. Co., 211 Pa. 429; Blotz v. R. R. Co., 212 Pa. 154; Lonzer v. R. R. Co., 196 Pa. 610.

*Owen J. Roberts,* with him *Isaac C. Sutton,* for appellee. —The mere happening of an injurious accident, if it arises from something connected with the means of transportation, or from something over which the carrier has control, raises a presumption of negligence which the defendant is bound to overcome: Whitehouse v. Railways Co., 36 Pa. Superior Ct. 581.

While it is admitted that a railroad company is not bound to exercise a supervision over every part of each of its cars at every moment the same is in use, but only to reasonably inspect a car for the journey, nevertheless,

when an unusual circumstance, such as the formation of ice on the front platform of a car, was brought to the notice of the conductor in charge of the train at the distance of twelve or thirteen miles west of Philadelphia, when that conductor knew that at six or eight stations the platform would be used by passengers going in and out of the train, it is submitted that it was his duty to take some means of rendering that platform safe: Neslie v. Second & Third Sts. Pass. Ry. Co., 113 Pa. 300.

The case was for the jury: Rathgebe v. R. R. Co., 179 Pa. 31; Louisville, etc., R. R. Co. v. Cockerel, 17 Ky. Law Repr. 1037 (33 S. W. Repr. 407); Foster v. Old Colony Ry. Co., 182 Mass. 378 (65 N. E. Repr. 795); Maxfield v. Maine Central R. R. Co., 100 Maine, 79 (60 Atl. Repr. 710).

OPINION BY MR. JUSTICE ELKIN, February 27, 1911:

Appellee while alighting from the front platform of the first car of the train on which he was a passenger, slipped on a thin layer of ice which covered, or partially covered, one of the steps. In the fall that resulted from this slippery condition he received the injuries for which damages are sought to be recovered in this action. The assignments of error raise two questions, namely, did the presumption of negligence arise under the facts of the case, and if no such presumption did arise were the proofs offered at the trial sufficient to submit to the jury on the question of negligence. It is contended that the learned trial judge erred in affirming the fourth point submitted by the plaintiff. This point asked the court to instruct the jury that "It is the duty of the defendant to provide safe cars and appliances for the accommodation of its passengers, and if the plaintiff was injured by reason of the unsafe condition of the platform of the car, a presumption of negligence arises which places the burden upon the defendant to explain the occurrence in a way not consistent with its negligence." This point would have correctly stated the law if the injuries complained of had resulted

from failure to provide safe cars and appliances for the accommodation of passengers, but the facts do not warrant the application of the rule. There was no evidence that the steps, or platform, or car, or appliances ordinarily used in transportation, were improperly constructed or maintained, or that they were in a defective condition at the time of the accident. The presumption in such cases only shifts the burden of proof and does not arise unless the evidence shows that the injury complained of resulted from the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business or in the appliances of transportation: Thomas v. Railroad Company, 148 Pa. 180; Ginn v. Railroad Co., 220 Pa. 552. There was no such evidence in the case at bar. No attempt was made to show defective construction or negligent maintenance of the equipment of the cars or other appliances of transportation. Under these circumstances we are constrained to hold that the presumption relied on had no application.

It is argued that the thin layer of ice on the step of the platform made its condition defective within the meaning of the rule. No authority is cited to sustain this contention and a consideration of our own cases leads to a different conclusion. To hold that ice formed on the step of a platform as the result of a storm, is part of a car, or of the machinery and appliances of transportation, would do violence to the meaning of words. While the precise question has not been determined by this court, there are a number of cases in which it has been practically ruled. In Fearn v. Ferry Company, 143 Pa. 122, this court in passing upon the question raised under the facts of that case, said, "In such cases, the presumption of negligence arising from the mere fact that one is injured while a passenger in the care of a carrier company, has no application." To the same general effect are Hayman v. Railroad Company, 118 Pa. 508; Farley v. Traction Company, 132 Pa. 58, and Bernhardt v. Railroad Company, 159 Pa. 360. We therefore hold that it was error to affirm plain-

tiff's fourth point and that the first assignment of error must be sustained.

We, however, do not agree with the contention of appellant that a verdict should have been directed for the defendant or that judgment non obstante veredicto should have been entered upon the whole record. It is a close case but as we read the testimony the inference of negligence might be reasonably drawn by the jury from the facts. At least it was for the jury to say whether taking into consideration all the facts, appellant knew, or should have known by proper inspection, of the accumulation of ice on the steps and had been negligent in not sooner removing it, or in taking some measures to protect passengers from slipping while alighting from the car. All of this depends very largely upon how long the slippery condition had existed. This is a question of fact and not of presumption. There is no dispute as to the ice being on the step and the question for determination is whether it had formed during a snowstorm through which the train was passing, in which event no liability would attach to the transportation company, or had accumulated on a prior day or at an earlier hour and had been negligently permitted to remain on the step when proper inspection would have discovered it. The evidence is contradictory as to the condition of the weather on the day of the accident. There is some testimony that the day was cloudy but that "it had not been raining or snowing" on the morning of the accident. It is true there was the testimony of the weather forecaster from which the inference might be drawn that a snowstorm had been in progress in the region traversed by the train on the morning in question. At most this presented a conflict of testimony as to an important fact which as a general rule is for the jury. Again, we are not convinced the evidence established the fact that no ice was on the step when the train left Paoli. It is not denied that the ice was on the step when the train reached Broad street station, and if the jury should find as a fact that it had not passed through a snowstorm

that morning, it would be a fair inference that the ice had accumulated at some prior time. If so, the inference of negligence in permitting the ice to remain on the steps for an undue length of time could be reasonably drawn by, the jury. The facts developed at the trial are meager and unsatisfactory. They are not so clear as to warrant a court in saying as a matter of law that no inference of negligence could be drawn, and we are of opinion they are sufficient to be submitted to a jury for the purpose of having the question of negligence determined. The burden of proof is on the plaintiff to establish the negligence relied on to sustain a recovery and he must make out his case without the aid of the presumption, the benefit of which was given him at the trial in the court below. When the case is again tried all the facts relating to the weather conditions on the morning of the accident and bearing upon the length of time the ice was permitted to remain on the step, as well as all other facts tending to prove or disprove negligence, should be more clearly established in order that the court and jury may have more accurate information as to the real merits of the case.

Judgment reversed and a venire facias de novo awarded.