## Flemming *v.* Southern Pennsylvania Traction Company, Appellant.

*Negligence—Street railways—Passenger—Alighting from car—Ice on steps—Case for jury.*

In an action against a street railway company for personal injuries to a passenger, the case must be submitted to the jury where the plaintiff testifies that in alighting from a car she slipped on hardened snow or ice which had accumulated on the step from a storm that ended some hours before the accident, although several witnesses for the defendant testified that a snowstorm was going on at the time the plaintiff slipped.

Argued Nov. 19, 1914. Appeals, Nos. 251 and 252, Oct. T., 1914, by defendant, from judgment of C. P. Delaware Co., June T., 1912, No. 163, on verdict for plaintiff in case of Ethel Flemming, by her father and next friend John Flemming, and John Flemming v. Southern Pennsylvania Traction Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROOMALL, J.

At the trial the plaintiff testified that in alighting from one of defendant's cars about 7.30 in the evening of January 26, 1912, she slipped on ice or packed snow which had accumulated on the step from a snowstorm which had ended in the middle of the day. Three witnesses for the defendant testified that a snowstorm was going on at the time of the accident.

The court submitted the case to the jury.

Verdict and judgment for plaintiff, John Fleming, for $778.54 and for Ethel Fleming $737.54. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*John B. Hannum,* for appellant, cited: Sutton v. Penna. R. R. Co., 230 Pa. 523; Fearn v. West Jersey Ferry Co.,

143 Pa. 122; Bernhart v. West Penn. R. R. Co., 159 Pa. 360; Lonyer v. Lehigh Val. R. R. Co., 196 Pa. 610.

*John E. McDonough,* for appellees.—Under the authority of Neslie v. Second & Third St. Pass. Railway Company, 113 Pa. 300, and Sutton v. Pennsylvania Railroad, 230 Pa. 523, the question here was one for a jury.

OPINION BY ORLADY, J., April 19, 1915:

Two verdicts were returned by the jury and the two appeals are presented in one argument.   The plaintiff's right to recover depended entirely on oral testimony and the controverted facts were so fairly submitted by the trial judge that no exception was taken to his charge. The appellant contends that binding instructions should have been given in its favor, and subsequently that a judgment should have been entered non obstante veredicto.

The fair preponderance of the testimony was in favor of the defendant's claim as to the cause of the accident, and the jury might well have found that Miss Fleming was mistaken in regard to the fall of snow, and the condition of the car step when she had her accident, but her statements were positive, and under the authority of Neslie v. Second & Third St. Pass. Ry. Co., 113 Pa. 300, and Sutton v. Pennsylvania Railroad Company, 230 Pa. 523, the controverted facts were properly submitted to the jury.

The judgment in each case is affirmed.