# DeBouvier *v.* Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads—Passenger—Presumption from break in defendant's appliance—Evidence.*

1. Where a passenger on a train is hit by an iron washer, coming through a window and injuring him, he may recover a verdict against the railroad company, where he testifies that the washer came from an engine of another train, marked with defendant's name, going in the opposite direction on the next track, and the washer is identified by two other witnesses, one, the conductor of the train, as being the type used on the engines of the company.

2. Such evidence is sufficient to sustain a finding that plaintiff's injury resulted from a break in an appliance connected with the operation of defendant's railroad; hence the question of negligence is for the jury, on the presumption arising from the break in defendant's appliance.

Argued March 26, 1919.  Appeal, No. 299, Jan. T., 1919, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1917, No. 834, on verdict for plaintiff in case of Hamilton DeBouvier v. Pennsylvania Railroad Company. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHOEMAKER, J.

Verdict for plaintiff for $9,000 on which judgment was entered for $6,000, all above that amount having been remitted. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on the verdict.

*Francis B. Biddle,* with him *Sharswood Brinton,* for appellant.

*Daniel G. Murphy,* with him *Isaac D. Levy,* for appellee.

PER CURIAM, April 21, 1919:

While a passenger in a Pullman car attached to one of defendant's trains, plaintiff saw an iron washer, weighing one pound, eleven ounces, come from the engine of another train, marked with defendant's name, going in the opposite direction, on the next track; this washer crashed through the window at which plaintiff was sitting and struck him a violent blow in the back of the neck, causing serious injuries. He sued for damages, alleging negligence, and recovered a verdict, upon which judgment was entered. Defendant has appealed.

A properly qualified witness for plaintiff identified the washer as being part of a certain type of engine owned by defendant company; he also explained that washers of this character would fly off when the cotter pins which held them in place wore away, and that such wearing took place through vibration.

Defendant produced no evidence as to inspection, or upon any other point in the case, nor did it deny that the washer came from its engine; on the contrary, the conductor in charge of the train upon which plaintiff was riding testified that the article in question, produced at the trial, was the property of his employer.

The issues involved were submitted in a charge which is not complained of, and the evidence is sufficient to sustain a finding that plaintiff's injury resulted from a break in an appliance connected with the operation of the defendant railroad; hence the question of negligence was for the jury: see Pa. R. R. Co. v. MacKinney, 124 Pa. 462, where the relevant rules of law are discussed.

Judgment affirmed.