## Scharf v. Pennsylvania Railroad Company.

*Railroads—Injury to passenger—Allegation of negligence in statement—Sufficiency of—Practice.*

1. Where a statement does not set forth such facts which, if proven, would enable the plaintiff to recover, or where they are stated vaguely or uncertainly, the proper procedure is a motion to strike it off.

2. Where a passenger is injured by the breaking of a window of a car in which he is riding, not due to a defect, a presumption of negligence in the railroad company does not arise and he must allege and prove such negligence.

3. The mere allegation in the statement that the accident was caused by the negligence of the railroad company is insufficient. The statement must set forth specifically what act of negligence caused the accident.

Rule to strike off statement. C. P. Lancaster Co., Dec. T., 1925, No. 69.

*Zimmerman, Myers & Kready,* for rule.

*Paul A. Mueller* and *John M. Groff,* contra.

HASSLER, J., April 16, 1927.—This is an application to strike off the plaintiff's statement. Since the passage of the Act of May 14, 1915, P. L. 483, the proper proceeding where the statement does not state such facts which, if proven, would entitle the plaintiff to recover, or where they are stated vaguely or uncertainly, is a motion to strike off: Enlow *v.* Bank, 34 York Leg. Record, 110; Barto *v.* Shaffner, 26 Dist. R. 957; Ferraro *v.* Railroad Co., 34 Lanc. Law Rev. 403; Bollinger *v.* Gallagher, 29 Dist. R. 913.

In this case, the plaintiff in his statement sets forth that he was a passenger on a train operated by the defendant company and that "your plaintiff was being transported on defendant's train as aforesaid, and had arrived just out of Lancaster, and was sitting in the smoker of the defendant's train, when

Scharf v. Pennsylvania Railroad Company.

the window by his side was suddenly smashed and broken through the negligence, wilfulness and recklessness of the defendant, or its agent or employees."

It is the duty of a railroad company to use the utmost care which human knowledge, skill and foresight can provide to avoid injury to its passengers. Because of this duty, a presumption of negligence arises where a passenger is injured by reason of the breaking of machinery of transportation, collision, derailment of cars, or something improper or unsafe in the conduct of the business of the carrier or in the appliance of transportation.

But where a passenger is injured by the breaking of the window of a car in which he is riding, not due to a defect, there can be no recovery by the plaintiff without his proving that it was due to the negligence of the defendant company or its employees: Ginn v. Pennsylvania R. R. Co., 220 Pa. 552; Ault v. Cowan, 20 Pa. Superior Ct. 616; Delaney v. B. R. & P. R. R. Co., 266 Pa. 122; De Bouvier v. Pennsylvania R. R. Co., 264 Pa. 443; Wood v. Philadelphia Rapid Transit Co., 260 Pa. 481; Thomas v. Phila. & Reading Ry. Co., 148 Pa. 180.

If the plaintiff in this case relied for his right to recover on the fact that he was a passenger on the defendant company's train, all that it would have been necessary for him to allege in his statement was that he was a passenger and was injured because of the breaking of machinery of transportation, by collision, by derailment of cars or by something improper or unsafe in the conduct of the business or in the appliances of transportation, and the negligence of the defendant company would have been presumed. But, according to his statement, he does not depend on his right to recover for any of these causes, but alleges that it was due to the negligence, wilfulness and recklessness of the defendant, or its agent and employees, in smashing or breaking a window near his seat. As he depends upon such negligence to recover, it is necessary for him to set forth the facts showing it, as is required in all actions where negligence is the basis of a plaintiff's claim.

A statement which alleges that a defendant operated an automobile carelessly and negligently, without stating in what respect he so operated it, will be stricken off: Deitz v. Chemical Co., 29 Dist. R. 691; Collins v. Heibel, 2 Erie Co. L. J. 149. A plaintiff must set forth in his statement specifically what act of negligence of the defendant caused the accident: Mellinger v. Conestoga Traction Co., 39 Lanc. Law Rev. 443. A statement shall inform the defendant what acts of omission the plaintiff charges him with in an action of negligence so that the defendant can produce evidence at the trial to explain or deny the allegation of the statement. If the statement does not do this, but alleges negligence in general terms without particulars, it will be stricken off: Stick v. Grove, 6 D. & C. 683; Grumley v. Pellegrino, 4 D. & C. 205. Where a statement alleged that while the plaintiff was a passenger on a train it ran into a freight train, resulting in injury to the plaintiff, and "that the defendant was negligent in permitting [a collision] . . . and was otherwise careless, reckless and negligent in and about the operation of the train," the statement was held insufficient in not setting out facts to show in what particulars the defendant was negligent: Diehl v. Railroad Co., 38 York Leg. Record, 49.

Under these authorities, the statement filed by the plaintiff in this case is defective, in that it does not set forth any particulars to show in what respect the negligence, wilfulness and recklessness of the defendant, or its agent or employees, caused the window to be suddenly smashed and broken through. We must, therefore, make absolute the rule to show cause why the statement should not be stricken off.          From George Ross Eshleman, Lancaster, Pa.