# Mink et ux. *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street cars—Closing of door on alighting passenger—Evidence—Case for jury.*

In an action of trespass to recover damages for personal injuries, it appeared that plaintiff was a passenger on the street car of the defendant company. Plaintiff testified that while she was alighting from the car, the door suddenly and without warning, closed on her, causing the injury complained of. The conductor testified that the sleeve of the passenger for whom he was making change, caught on the door valve and caused the door to close on the plaintiff. In such case, the question of the defendant's negligence was for the jury.

Where a passenger is injured by anything done or left undone by the carrier, or its employees, in connection with the appliances of transportation, or in the conduct and management of business relating to the same, the burden of proof is upon the carrier to show that such injury did not result from negligence. But to cast this burden upon the carrier, it must first be shown that the injury complained of resulted from something improper or unsafe in the conduct of the business or in the appliances of transportation.

Argued October 19, 1927. Appeals No's. 194 and 195, October T., 1927, by defendant from judgments of M. C., Philadelphia County, December T., 1925, No. 989, in the case of Barbara Mink and Charles Mink, her husband, in his own right, v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdicts for plaintiffs in the sums of $8,500 for the wife, and $4,500 for her husband. Subsequently, a remittitur was filed for all in excess of $2,500 as to the wife, and $2,500 as to her husband, and judgments entered on the verdicts as remitted. Defendant appealed.

Assignment of Errors—Opinion of the Court.   [93 Pa. Superior Ct.

*Errors assigned* were to the various rulings on evidence, and the refusal of defendant's motion for judgment non obstante veredicto.

*Marshall A. Coyne,* and with him *T. Roy Phillips* and *J. J. K. Caskie,* for appellant.

*Bryan A. Hermes,* and with him *Nathan Griffith,* for appellees.

Per Curiam, March 2, 1928:

These appeals are from judgments for plaintiffs in actions to recover for injuries sustained by one of them, wife of the other, resulting from defendant's negligence. The assignments of error are numerous but without merit; little need be said in overruling them.

Mrs. Mink was a passenger on defendant's street car. It stopped on Chestnut Street near 13th Street to permit passengers to alight. While alighting, she was preceded by several passengers and also followed by several. As she moved from the floor of the car to the car step, the doors suddenly and without warning, closed on her; in her words, "it caught my shoulder and my arm and my right face about here, (indicating) ........." Her evidence is corroborated. The conductor immediately reopened the doors and released her. "The rule is that where a passenger is injured by anything done or left undone by the carrier, or its employes, in connection with the appliances of transportation, or in the conduct and management of the business relating to the same, the burden of proof is upon the carrier to show that such injury did not result from its negligence. But to cast this burden upon the carrier, it must first be shown that the injury complained of resulted from something improper or unsafe

in the conduct of the business or in the appliances of transportation." Burns v. P. R. R., 233 Pa. 304, 307. Therefore, unexplained the occurrence so described by plaintiff was sufficient to go to the jury on the point whether defendant had performed its legal duty of caring for its alighting passengers in the circumstances. It was the duty of the defendant to afford a reasonable opportunity to plaintiff to alight; moreover, defendant, by its conductor, had notice that plaintiff was in the act of alighting; the doors were under the control of conductor; and there is no suggestion that plaintiff was in any manner at fault. No complaint is made of the charge of the court.

Defendant's conductor testified that he had opened the doors to allow passengers to alight; that while people were alighting he was making change for another passenger, whose sleeve "caught in the valve of the door—the lever you close the door with"—which permitted the door to close; that "after that this door closed on the lady [plaintiff] getting off the car." Whether that explanation was true or not, depending as it did on oral evidence, was necessarily for the jury, especially on the point whether he exercised due care in controlling the appliances of the car while the passenger was alighting. In considering appellant's assignments of error, complaining that judgment n. o. v. was not entered, we must take the oral evidence most favorably supporting the verdict. Certainly the doors which closed on the plaintiff were part of the appliances of transportation. If they were in proper order, and were properly controlled, they would not have closed on her. Appellant was therefore required to satisfy the jury that it was not in fault, as charged; the verdicts show failure to perform the carrier's duty to its passenger. All the assignments of error on that subject, including the complaint that new trials were not granted, are overruled.

We think there was no error in receiving the evidence of the physician, (received without objection until after most of it was in), considered in connection with the evidence of plaintiff herself.   Nothing else in the case calls for mention.

No. 194 judgment affirmed.

No. 195 judgment affirmed.