## Burns *v.* Pennsylvania R. R. Co., Appellant.

Argued September 27, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

278

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—It is the contention of defendant that in order to throw the burden on defendant of disproving its negligence, the happening of an accident must be shown to have resulted from the means of transportation: Pitts., F. W. & C. Ry. v. Hinds, 53 Pa. 512; Meier v. R. R., 64 Pa. 225; Burns v. R. R., 233 Pa. 304; Barlick v. R. R., 41 Pa. Superior Ct. 87; Fleming v. Ry., 158 Pa. 130; Ault v. Cowan, 20 Pa. Superior Ct. 616; Ginn v. R. R., 220 Pa. 552.

*T. F. Ryan,* of *Bialas & Ryan,* for appellee.—While a carrier is not the insurer of the safety of the passengers, he is bound to exercise the highest practical degree of care for their safety, and where a passenger is injured through some defect in the means of transportation or the manner of operation, the burden is upon the carrier to show it could not have been prevented by human foresight: Laing v. Colder, 8 Pa. 479; Petrie v. Kaufmann & Baer Co., 291 Pa. 211; McKnight v. Kresge, 285 Pa. 489.

Opinion by Mr. Justice Walling, November 26, 1928:
On the morning of August 19, 1925, as the plaintiff, Arrappa M. Burns, was about to board an accommodation train, just as it was coming to a stop at Shadyside station, she was struck and injured by a dog that jumped from the platform of one of the coaches. This suit brought by her against the railroad company to recover

for the injuries thus sustained, resulted in a verdict and judgment for plaintiff and defendant has appealed.

The record discloses no sufficient evidence to sustain the recovery. There was no defect in the means of transportation or manner of operation; hence, the burden of showing negligence was upon the plaintiff. See Sutton v. P. R. R. Co., 230 Pa. 523; Fleming v. Ry., 158 Pa. 130; Zolden v. Shenango Valley Tr. Co., 94 Pa. Superior Ct. 191. The evidence shows only momentary presence of a dog upon the platform of a passenger car. This is insufficient to charge the carrier with negligence. The uncontradicted testimony of the conductor and the three brakemen is that no one of them saw the dog. When or how he came on the platform, or who was his owner, does not appear. Whether he came from another station, or jumped on and off at Shadyside, no one appears to know. A witness for plaintiff says, on a certain occasion, he saw a dog passing through the aisle of one of defendant's passenger cars. He does not know the date and in no manner connects it with the accident here in question. True, plaintiff testified that, after arriving in Pittsburgh, the conductor told her they did not know the owner of the dog, as it had no collar on. This, however, was after the conductor had talked with one McWilliams, and perhaps with other passengers, who saw the dog, and does not contradict his testimony that he did not see it. It is not necessary to decide what the duty of defendant's employees would be as to restraining a dog found riding upon the train, with or without an owner, in the absence of evidence that any one saw him on the train or elsewhere prior to the accident. Beyond the fact that he must have been on the car platform when he jumped off, nothing appears. It is not shown that the dog was in the car at any time or remained on the platform so that he should have been discovered and restrained. There was therefore no proof of negligence for the jury to pass upon.

While a carrier of passengers is required to exercise the highest practical degree of care, it is not an insurer nor responsible for an injury caused by some independent agency over which it has no control: Thomas v. P. & R. R. R. Co., 148 Pa. 180; Barlick v. B. & O. R. R. Co., 41 Pa. Superior Ct. 87; Ault v. Cowan (No. 1), 20 Pa. Superior Ct. 616. Had the damage been caused by a passenger jumping from the train, under like circumstances, the carrier would not be liable. See Wood et al. v. P. R. T. Co., 260 Pa. 481; also Burns v. P. R. R. Co., 233 Pa. 304; 10 C. J. 903. There is no proof that human foresight could have prevented the accident; hence, the plaintiff cannot recover, although injured when lawfully approaching the train. Something more than a mere guess or conjecture must be shown as the foundation of an action for damages: Ginn v. P. R. R. Co., 220 Pa. 552, 555.

The judgment for plaintiff is reversed and judgment is entered for the defendant non obstante veredicto.