## Wilson, Appellant, v. Reading Company.

Submitted March 13, 1929.

Be-
fore Trexler, Keller, Linn, Gawthrop, Cunningham
and Baldrige, JJ.

*George J. Edwards, Jr.,* for appellant.

*Wm. Clarke Mason,* for appellee.

Opinion by Keller, J., April 10, 1929:

Plaintiff got a verdict in an action of trespass. The
court below entered judgment non obstante veredicto
in favor of the defendant. A review of the evidence,
in the light most favorable to plaintiff, fails to con-
vince us that the court erred.

Plaintiff, a passenger on defendant's railroad from
Philadelphia to Phoenixville, her home, arrived at her
destination about 5:56 o'clock in the evening of Octo-
ber 30, 1925, in a snowstorm. It had snowed continu-
ously since 7:45 o'clock in the morning, and did not
stop until several hours after her arrival. The temper-
ature had begun to fall, so that at or about the time
her train reached Phoenixville, it was freezing
weather. The station platform, which bounded the
station on two sides, east and north, was covered or

protected by the roof of the building, but several inches of snow had fallen or been blown onto it and it was wet and slippery with slush and snow, and in some places small ridges of ice had formed. On her way along or across the north platform to the taxicab stand, plaintiff slipped in the slush and snow, and fell, injuring her hip.

Unless it was the duty of the railroad company to keep its station platform free and clear of snow during the snowstorm, it was not guilty of any negligence. We do not understand that the law has laid so heavy a burden on it. Within a reasonable time after the snow stops falling it must clear its station platforms sufficiently to permit its passengers to arrive, get on and off the train, and leave the premises with due regard to their safety but to keep the platforms free and clear of snow in the midst of a snowstorm would be a practical impossibility, and the law does not require it. The obligation of the railroad company to keep the steps and platform of its cars free of slush, snow and ice is at least equal to that relating to its station platforms; yet our Supreme Court said in Sutton v. Penna. R. R. Co., 230 Pa. 523, "There is no dispute as to the ice being on the step and the question for determination is whether it had formed during a snowstorm through which the train was passing, in which event no liability would attach to the transportation company, or had accumulated on a prior day or at an earlier hour and had been negligently permitted to remain on the step when proper inspection would have discovered it." In Flemming v. Southern Penna. Traction Co., 59 Pa. Superior Ct. 505, the plaintiff slipped on ice or packed snow which had accumulated on the steps of the car; and the liability of defendant depended on whether the snowstorm had ended several hours before or was still going on at the time of the accident. In Fearn v. West Jersey Ferry Co., 143 Pa. 122, a man and wife entering a ferry boat fell on the

deck by reason of its slippery condition, caused by a snowstorm in progress at the time and were injured. The Supreme Court said: "Assuming, as the appellant contends, that the cause of the accident was the slippery condition of the deck, it is obvious that this condition was produced by the snow falling upon it. It is not pretended that it was the duty or within the power of the company to prevent the snow falling on the deck of its boat, but it is claimed that its obligation to its passengers required it to immediately remove the snow and restore the condition which existed before the storm. It is well known that rain or snow, falling upon the sidewalks of a town or city, the steps and platforms of railway cars, and the decks of ferryboats, will render them slippery and consequently more difficult to walk upon. But it is not practicable to absolutely prevent this condition while the rain or snow is falling, and the mere existence of it during the storm which causes it, raises no presumption of negligence on the part of the municipality, the railway, or ferry company."

While plaintiff testified that after she had fallen she could feel ridges on the platform, she admitted that she had not fallen on, or because of, the ridges, but had slipped on the surface of the platform, due to the snow which had fallen there and become slushy and slippery. The same result might have occurred if a force of men had been clearing the snow at intervals all day; for it is not practicable to prevent a wooden platform from becoming wet and slippery during a snowstorm, especially if it is a wet, slushy snow, with a lowering temperature. As the court below well said: "The temperature dropped below the freezing point shortly before the accident, and the slightest presence of snow or the thinnest layer of ice might and probably would have been quite as slippery, and even more so than where the snow reached to a greater height."

The uncertainty of weather conditions during and immediately following a snowstorm in this locality and the impracticability of keeping an exposed station platform absolutely clear of snow during a snowstorm are sufficient to justify a holding that the defendant company was not negligent in the circumstances here present and not liable to respond in damages for the plaintiff's regrettable accident.

The judgment is affirmed.