LORETTA PONTON *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

JUNE 30, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. In this action of trespass on the case for negligence, which was tried to a jury in the superior court, the trial justice directed a verdict for the defendant at the conclusion of all the evidence. The case is before us on the plaintiff's exception to this ruling, all her other exceptions being waived.

The accident in question happened soon after 11 o'clock, p. m., on December 15, 1933, as the plaintiff was leaving a one-man electric car, so-called, of the defendant company, at the corner of Mineral Spring avenue and Charles street in the town of North Providence. At the time the weather and road conditions were very bad. A meteorologist from the Providence office of the United States weather bureau testified that on that day there was a light rain and sleet about noontime, and a steady rain soon after 3 p. m. until midnight, the temperature being always below freezing; that the rain of the afternoon and evening froze as it fell, and formed a coating of ice about one-eighth of an inch thick on everything which was exposed to the weather. The plaintiff herself admitted that the rain froze as it fell; that it was icy everywhere and that it was one of the slipperiest days she could remember.

It appears from the testimony of the plaintiff, who was about twenty-eight years old, that, after an evening in Providence, she boarded a car of the defendant company at Exchange Place in that city to go to her home on Mineral Spring avenue. When she reached her destination the car stopped, the outside doors were opened, and at least one

other woman got off the car ahead of her. After the plaintiff had inserted her fare in the receiver provided for that purpose, she turned, stepped over to take hold of the upright pole or stanchion near the step of the car, and immediately, before she was able to do this, slid or slipped off the edge of the vestibule into the street, sustaining the injuries of which she complains. At this time the car was stationary and there was no evidence that any sudden stopping or starting thereof caused the plaintiff to fall.

Two young men, who were standing on the sidewalk near where the car stopped, were witnesses for the plaintiff. The first one testified that, while he was watching the automobiles sliding about on the icy roadway in trying to make the grade on Charles street at that point, his attention was directed to the accident by a woman's scream; that he immediately crossed the street to where the plaintiff was lying on the ground; that the front door of the car was open and that he then "saw ice on the step that folds down." The second young man, who was standing on the sidewalk about ten feet from where the car stopped, testified that the plaintiff had "slipped from the platform and struck her foot on the step."

The defendant produced as witnesses all the men who had operated the car in question from the time it was taken from the car barn on the morning of the day of the accident until it was returned to the car barn at the end of that day. It appears from their testimony that there were no doors between the body of the car and the vestibule; that the heat in the car was turned on at all times; that the temperature in the vestibule while the outside doors were closed is practically the same as in the body of the car; and that no ice formed in the vestibule of the car when the heat was on unless the temperature was very low. Each of these witnesses, including the operator of the car at the time of the accident, testified that there was no ice in the vestibule while the car was being operated by him.

In addition to these general conditions, the operator, who was in charge of the car when the accident happened, testified that on that particular trip he carried from twenty-five to thirty passengers who got on or off at various points on his route; that when the car stopped at Mineral Spring avenue he had four passengers, three of whom, a man and a woman and the plaintiff, got off in the order named at that stop and that the plaintiff did not slip or fall while she was getting off the car; but that she slipped and fell just after she had alighted, and as he was in the act of closing the car door.

The only remaining passenger left the car by the front vestibule immediately after the plaintiff was injured. The testimony of this passenger throws no light on the condition of the floor of the vestibule, in connection with the presence of ice thereon, at the time the plaintiff fell, nor on the cause of her fall, and has little or no bearing on the determination of the issue now before us.

We are aware that, on the defendant's motion for a directed verdict, the plaintiff, under our well-established rule, is entitled to have the evidence, and every inference of fact which can reasonably be drawn therefrom, construed most favorably to her. In the instant case a careful review of the evidence convinces us that, regardless of any question of the plaintiff's due care, there is no evidence either direct or by way of reasonable inference that the defendant was guilty of any negligence which was the proximate cause of the plaintiff's injury.

What ice may have formed on the vestibule platform's outside edge, which was exposed to the weather when the doors of the vestibule were closed, or on the outside step of the car immediately below that point, was clearly the result of exposure to the unusually severe weather conditions which prevailed on the evening in question and, under the circumstances, would not be the basis of any negligence on the part of the defendant. Even if the plaintiff

is given the benefit of any inferences which might be drawn from her testimony and that of her witnesses, to the effect that there was some ice or slush on the door of the vestibule at the time she slipped and fell, there is no evidence that any such condition was the cause of her fall. It is not enough for the plaintiff to testify that she slipped and fell. She must establish by legal evidence the causal connection between her accident and the defendant's alleged negligence. Further, it does not appear from the evidence, assuming that it can be inferred from the plaintiff's testimony that there was some ice on the vestibule floor when she first boarded the car, how long such a condition had existed, or that it remained the same up to the time she attempted to leave the car. The speculative character of the testimony, and the plaintiff's failure to explain the real cause of her fall, permit no reasonable inference that the accident happened because of the defendant's failure to use due care under the circumstances.

To hold the defendant liable because of the presence of ice inside the vestibule of the car, assuming the evidence supports that claim, the plaintiff must show facts from which it could reasonably be inferred that such ice had been there for a sufficient time to give the defendant notice of its presence and an opportunity for its removal. In this connection the nature of the weather, the heat of the car and all other surrounding facts and circumstances must be considered. We find no such reasonable inference possible from the evidence introduced in the present case.

The principles upon which a defendant may be held liable for damages by reason of the presence of ice and snow on both the exposed and the interior portions of cars were fully discussed in the following cases, respectively: *Riley* v. *Rhode Island Co.*, 29 R. I. 143; *Bines* v. *United Electric Rys. Co.*, 50 R. I. 438. The cases of *Sutton* v. *Pennsylvania R. R. Co.*, 230 Pa. 523 and *Connelly* v. *Connecticut Co.*, 140 A. 121, relied on by the plaintiff, are clearly distinguishable on their

facts from the case at bar. Moreover, in the cases last mentioned the evidence for the plaintiffs in regard to the defendants' negligence and its causal connection with the accidents in question was definite, and not vague and speculative as in the instant case. We are, therefore, of the opinion that a verdict was properly directed for the defendant on the evidence in the present case.

The plaintiff's exception is overruled, and the case is remitted to the superior court for the entry of judgment for the defendant on the verdict as directed.

*Charles J. McCabe, Cooney & Kiernan, James H. Hagan, Jr.,* for plaintiff.

*Clifford Whipple, Earl A. Sweeney,* for defendant.