## Dupont, Appellant, *v.* Pennsylvania Railroad Company.

Argued November 29, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

90

*Harry C. Liebman,* for appellant.

*Philip Price,* of *Barnes, Myers & Price,* for appellee.

OPINION BY MR. JUSTICE BARNES, January 2, 1940:

Plaintiff's evidence discloses the following facts: On the morning of June 7, 1937, plaintiff and a business associate were passengers in defendant's train, traveling from Philadelphia to Wilmington. They occupied a seat on the right side of the car, plaintiff sitting next to the window. While the train was proceeding through open country in the vicinity of Chester, a window on the opposite side of the car, two seats in front of plaintiff, was suddenly shattered, and a small particle of glass entered his eye, causing the injuries to recover for which this action was brought.

There was no testimony offered by plaintiff as to what caused the window to break. The car was air-conditioned, and all the windows were closed. His companion, in describing its condition after the accident, testified that there was a hole in the lower right side of the glass, about an inch in diameter, with cracks extending across the pane. A search made immediately thereafter

by the conductor and the witness failed to reveal any object that penetrated the window, or anything by which the cause of the accident could be determined. No person was to be seen by the witness who might have hurled a missile at the glass, although if there had been one, he would have disappeared from the view of those in the rapidly moving train. There was no evidence of any defect in the pane of glass, in the frame holding it, or in the manner in which it was secured.

The trial judge submitted the case to the jury, which failed to agree upon a verdict, and was discharged. The defendant then moved for judgment upon the whole record, which was granted by the court below. The plaintiff thereupon appealed to this Court.

It is conceded by plaintiff upon this appeal that there is no evidence of want of care on the part of the carrier, but he asserts that the breaking of defendant's appliance, with a consequent injury to himself, raises a presumption of negligence which defendant must rebut. Although a carrier is held to a high standard of care, not every injury to a passenger is presumed to arise from negligence on its part: *Zaltouski v. Scranton Ry. Co.*, 310 Pa. 531; *Creahan v. Penna. R. R. Co.*, 123 Pa. Superior Ct. 268.

To support such a presumption, it must appear that the injury was caused by something connected with the means or appliances of transportation, such as defective tracks, cars, machinery, or motive power, or by some other thing which the carrier can and ought to control as a part of its duty to carry passengers safely: *Bickley v. Phila. & Reading Ry. Co.*, 257 Pa. 369; *Swink v. Phila. Rapid Trans. Co.*, 277 Pa. 220; *Burns v. Penna. R. R. Co.*, 294 Pa. 277.

It is true that a window is an "appliance" within the meaning of this rule: *Orms v. Traction Bus Co.*, 300 Pa. 474, but there must be more than evidence that the appliance was involved in the accident. For example, in *Ginn v. Penna. R. R. Co.*, 220 Pa. 552, where a

train window was shattered by an object which was thrown against it while another train was passing, it was held that there was no presumption of negligence because there was nothing to connect the accident with any defect in the appliance, or its operation by the railroad. Similarly, it has been held that the shutting of a door on a passenger's fingers, without proof that the door was defective or improperly operated, is insufficient to impose liability upon the carrier: *L'Hommedieu v. D., L. & W. R. R. Co.*, 258 Pa. 115; *Polis v. Phila. & Reading Ry. Co.*, 273 Pa. 591; *Wood v. Penna. R. R. Co.*, 111 Pa. Superior Ct. 430.

Here plaintiff failed to prove that the accident was caused by anything whatsoever that was within the sphere of defendant's control: *Thomas v. Phila. & Reading Ry. Co.*, 148 Pa. 180; *Blew v. Phila. Rapid Trans. Co.*, 227 Pa. 319, or of which it had peculiar knowledge not equally available to the passenger. See *Herstine v. Lehigh Valley R. R. Co.*, 151 Pa. 244, 253.

As plaintiff suggests, a passenger is not necessarily required to show the precise manner in which the accident happened, or to point to the specific defect in equipment or its operation which led to his injury. See *Fern v. Penna. R. R. Co.*, 250 Pa. 487; *Johnston v. Director General*, 286 Pa. 166; *Mink v. Phila. Rapid Trans. Co.*, 93 Pa. Superior Ct. 63. But, in all of these cases it is to be noted that the accident was one which, in the ordinary course of events, would not have occurred except for some defect in equipment or neglect in its operation, and also the circumstances of the accident in themselves raised a strong inference of negligence.

In the present case the natural inference is that it was a missile from the outside which broke the window. The fact that the glass was shattered with sufficient force to throw a splinter or fragment thereof to the opposite side of the car where plaintiff was seated, clearly indicates that the object was hurled at the train from without by some person or instrumentality beyond the

control of defendant. There is nothing in the record to suggest that the accident resulted from imperfect mechanism,—such as a defect in the window, or from any act of defendant's employees. As the learned trial judge said: "In the instant case there was no passing train nor other cause indicated for the breaking of the glass. We have no basis for even a plausible guess."

Under such circumstances it would be unreasonable to hold the carrier liable for the accident. After all, the burden of proof rested primarily upon the plaintiff, and he has failed to sustain it. Therefore the court properly granted defendant's motion for judgment, and its action must be affirmed.

The judgment is affirmed.