Wilkerson *v.* Pittsburgh Railways Co., Appellant, et al.

382

Argued October 12, 1932.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Drew and Linn, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellant.—It was not the duty of the motorman to anticipate that the truck would turn over: Shellenberger v. Transit Co., 303 Pa. 122, 127; Tatarewicz v. Traction Co., 220 Pa. 560; Beaumont v. Traction Co., 298 Pa. 223.

There is no evidence that, if he had stopped sooner, the accident would have been avoided.

*John Wirtzman,* for appellee.—If the motorman had been looking, he would have seen the truck in such position as to make it impossible for the street car to pass,

and would then have had his car under control so as to stop if necessary: Jenkins v. Fady, 294 Pa. 490.

The fact that the truck driver was negligent did not relieve the defendant if the motorman of the street car was also negligent: Gorman v. Charlson, 287 Pa. 410.

*Frank K. Willmann,* for intervening defendant, was not heard.

OPINION BY MR. JUSTICE DREW, November 28, 1932:

Plaintiff was injured in a collision between a street car of the appellant, Pittsburgh Railways Company, and a truck owned and operated by the North Side Laundry Company, the other defendant. From judgment entered on the verdict against both defendants, the railways company appealed, assigning as error the refusal of its motions for a new trial and for judgment n. o. v.

When the facts of the case are viewed in the light most favorable to plaintiff, as they must be in our consideration of the motion for judgment, they may be briefly expressed as follows: Plaintiff was a passenger on an inbound car of appellant on California Avenue, Pittsburgh. This street, on which there are two car tracks, about 4½ feet apart, is about 30 feet wide between curbs. The car was running on the right-hand or inbound track, and plaintiff was seated at the front of the car, on the left side, next to the motorman. As the car approached a left curve, a truck of the laundry company approached the curve from the opposite direction, on its proper side of the street. In rounding the curve, the left rear wheel of the truck caught on the inside rail of the outbound track, and the truck ran about 50 feet with the wheel sliding on that rail, the left front wheel being on that part of the pavement between the two tracks. When the truck was about 20 feet from the car, the driver swung its front wheels to the right, the rear of the truck swerved to the left, and immediately thereafter the side of the truck struck the car. The left front window of

the car was broken and part of the metal framework surrounding it was driven inside the car. This framework, together with some flying pieces from the cab of the truck, struck and knocked from their seats several passengers, including plaintiff.

This record does not show any negligence on the part of the motorman. The mere happening of the accident was not sufficient to establish negligence: Welsh v. Jump House Wrecking Co., 306 Pa. 228. There is nothing in the evidence from which it can be inferred that the motorman should have anticipated negligent conduct on the part of the driver of the truck. That the latter was negligent cannot be doubted. The testimony, even his own, shows it clearly. As contrasted with his conduct, that of the motorman stands out in bold relief. At the moment of the accident he had brought the car almost to a full stop. He had no reason to expect that the driver of the truck would not give the car a clear track. The inside rails of the tracks were at least 4½ feet apart, and although the left front wheel of the truck was in this space there was ample room for clearance between the two vehicles. As long as the driver of the truck was apparently able to give the car a clear track, the motorman was entitled to assume that he would do so: Beaumont v. Beaver Val. Traction Co., 298 Pa. 223. How the motorman could have done more than he did to prevent this accident we are unable to see. The driver of the truck testified, on cross-examination, that for about 50 feet after making the turn he ran with his left rear wheel caught on the track, and that just before the crash he swung his front wheels to the right, in an effort to free it, causing the rear end of the truck to swerve to the left and come into contact with the car. Until he did this no part of the truck was on the track in front of the car. It is obvious that his negligent driving was the sole cause of the accident. If he had stopped, or had proceeded, as he was going, with the wheel slipping on the track, the accident would not have happened. This he

did not do, but when within 20 feet of the car, and while the wheel was still slipping on the track, he abruptly turned the front wheels to the right and thus threw the rear of the truck against the car. In so driving he was clearly guilty of negligence. On the other hand, the motorman could not possibly have anticipated any such act on his part.

The judgment of the court below is reversed as to defendant Pittsburgh Railways Company, and judgment is here entered for said defendant.