Phila. R. T. Co., Appellant, v. Mann.

Argued September 29, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*S. Regen Ginsburg,* and with him *Bernard J. O'Connel,* for appellant.

*Thomas E. Comber, Jr.,* for appellee.

OPINION BY BALDRIGE, J., December 16, 1933:

In order to understand the question involved in this appeal, it will be necessary to state briefly some of the material and undisputed facts of the accident which gave rise to this action.

The plaintiff's trolley car, on October 3, 1927, at 2:30 o'clock in the afternoon, was proceeding south on Fourth Street in Philadelphia. When it reached the north side of Dickinson Street, it slowed down for a safety stop and continued across the intersecting street at the rate of 5 to 10 miles per hour. The conductor of the trolley car testified that as they were crossing Dickinson Street a coal truck was coming west on Dickinson Street, 15 or 20 miles an hour, 20

feet from the east side of the building line, which would be a distance of 36 feet from the east rail. The motorman fixed the distance of the truck, when he first observed it, as a car length, or 45 feet, and its speed as 20 miles per hour. The truck driver entered Fourth Street, attempted to make a left-hand turn, and the rear of his truck collided with the middle of the trolley car, which stopped within one foot after the impact, with the front of the car parallel with the south building line of Dickinson Street.

It was agreed between counsel for plaintiff and defendant that the only question at issue was that of liability, as the amount of damages sustained by the plaintiff was admitted to be $131.05. No evidence was offered upon the part of the defense.

The trial judge found for the defendant on the theory that plaintiff was guilty of contributory negligence. He evidently applied the same rule to a trolley car approaching an intersection as to a motor vehicle; this was a mistake. It is well recognized that street car companies do not have the exclusive use of their tracks; but their rights are superior to those of the general travelling public as their cars have the legal right-of-way. Under the testimony, plaintiff's trolley had already crossed Dickinson Street before the truck reached the east curb line of Fourth Street. The motorman, in proceeding at that time, when no danger was apparent, at a proper rate of speed, was not guilty of any act or omission. The driver of the truck had every opportunity to see the proceeding car, and it was his duty to have his truck under proper control. The motorman was not required to know, even though the streets were wet, that the truck driver could not or would not stop his truck, or that he would operate it in such a way as to cause a collision. He was not bound to anticipate and avoid any exigency that might possibly arise: Beaumont et al. v. Beaver Val. Trac-

tion Co., 298 Pa. 223, 148 A. 87. He had a right to assume that the truck driver would discharge his absolute duty of exercising care and vigilance: Ruthberg et ux. v. P. R. T. Co. et al., 300 Pa. 536, 151 A. 19; Wilkerson v. Pittsburgh Rys. Co., 309 Pa. 381, 163 A. 909. It is obvious that the defendant's negligent act was the sole cause of the accident.

Judgment reversed and now entered for plaintiff in the sum of $131.05, with interest.