# Paynter *v.* Atlantic City Railroad Company, Appellant.

*Negligence—Railroads—Passenger—Sitting with arm on sill of open window — Contributory negligence — Presumption of negligence.*

A passenger on a railroad train seated next to an open window, who extends her arm beyond the sill of the open window so far that her elbow is struck and held under the window when it falls by reason of a defective catch, is not guilty of contributory negligence.

In such a case the happening of the accident raises a presumption of negligence on part of the railroad company.

Argued Nov. 30, 1915. Appeal, No. 210, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1913, No. 4608, on verdict for plaintiff in case of Annie M. Paynter v. Atlantic City Railroad Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHOEMAKER, J.

At the trial it appeared that the plaintiff was injured on May 30, 1913, while a passenger on one of plaintiff's

trains. The evidence showed that she sat next to an open window, and that after she had placed her elbow on the sill of the window, the window fell by reason of a defective catch, and plaintiff was injured.

Verdict and judgment for plaintiff for $892. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Wm. Clarke Mason,* for appellant, cited: Pittsburgh, Etc., R. R. Co. v. McClurg, 56 Pa. 294; Peoples Pass Railway Co. v. Lauderbach, 4 Penny. 406; Thane v. Scranton Traction Co., 191 Pa. 249; Woodroffe v. Roxborough, Etc., Ry. Co., 201 Pa. 521.

*Augustus Trask Ashton,* with him *Victor Frey,* for appellee, cited: Germantown Pass. Railway Co. v. Brophy, 105 Pa. 38; Cleveland R. R. Co. v. Hadley, 52 A. & E. R. Cases N. S. 10; Farlow v. Kelly, 108 U. S. 288.; Hallahan v. N. Y., L. E. & W. R. R. Co., 102 N. Y. 194.

OPINION BY TREXLER, J., March 16, 1916:

The question involved is whether a passenger on a railroad train, seated next to an open window, who extended her arm beyond the sill of the open window so far that her elbow was struck and held under the window when it fell by reason of a defective catch, was guilty of contributory negligence.

Pittsburgh & C. R. R. Co. v. McClurg, 56 Pa. 294, ruled absolutely the proposition that "where a traveler puts his elbow or arm out of the window voluntarily, without any qualifying circumstances impelling him to it, it is negligence in se." "On the question as to the effect of the mere resting of the arm on the window sill without protrusion......the case of Germantown Pass. Ry. Co. v. Brophy, 14 W. N. C. 213, determines that it cannot be regarded in itself as an act of contributory negligence":

The People's Pass. Ry. Co. v. Lauderbach, 4 Penny. 406. Taking the latter proposition broadly, we would conclude that as long as the passenger's arm does not protrude beyond the line of the car, he is not guilty of negligence as a matter of law.

The decisions in other states are to like effect. They are gathered in 3 Thompson's Negligence, Sec. 2976. In Carrico v. West Va. R. R. Co., 35 West Va. 389, s. c. 14 S. E. Rep. 12, it is held that while it is negligence per se for a passenger in a railroad coach moving rapidly to allow his arm to project from the window, yet it is not negligence to allow his arm to rest on the window without projecting. In Breen v. New York Cent., Etc., R. R. Co., 109 N. Y. 297, s. c. 16 N. E. Rep. 60, where a passenger had his arm resting on the window sill and was injured by his coming in contact with a loose door on a passing freight car, a verdict against the company was sustained. The same doctrine is held in the case of Farlow v. Kelly, 108 U. S. 288, in which it is stated that a passenger whose arm is on the sill of the car window, but not protruding beyond the external line of the car is not guilty of contributory negligence, such as to preclude him from recovering damages for an injury sustained by his arm being thrown out by a collision with another car negligently left standing on the track. In Gulf R. R. Co. v. Killebrew, 20 S. W. Rep. 182, the Supreme Court of Texas took the view that a passenger upon a railroad car is not guilty of negligence in placing his hand on the sill of a window he finds open, which will prevent his recovery for injuries from the window falling upon it, caused by defective fastenings and the jolting of the cars. In Cleveland R. R. Co. v. Hadley, 52 Am. & Eng. R. R. Cases, N. S., page 10, where a passenger raised a window sash with due care until it was latched and it fell through a defective condition of the catch and injured her, it was held that the case is within the rule that a passenger injured without his fault by a defective ap-

pliance of the carrier is prima facie entitled to recover. A number of cases in support of this proposition are cited both in the opinion and the notes.

As to the carrier's negligence "it may be considered as settled, in the language of AGNEW, J., in Meier v. Pennsylvania Railroad Co., 64 Pa. 225, 230, 'that a presumption of negligence arises from an accident to a passenger when it is caused by a defect in the road, cars or machinery or by want of diligence or care in those employed, or by any other thing which the company can and ought to control as a part of its duty, to carry passengers safely.'" "In Thomas v. Philadelphia & Reading R. R. Co., 148 Pa. 180, Chief Justice PAXSON says (183): 'The rule appears to be that, where a passenger is injured, either by anything done or omitted by the carrier, its employees, or anything connected with the appliances of transportation, the burden of proof is upon the carrier to show that such injury was in no way the result of its negligence' ": Fern v. Penna. R. R. Co., 250 Pa. 487.

There was no evidence in the case that the window fell by reason of carelessness attributable to a fellow passenger. The latch of the window was defective. The defendant offered no evidence of inspection.

We think the case was for the jury and the verdict should not be disturbed. Judgment affirmed.