## Mackowski et ux., Appellants, *v.* Philadelphia Rapid Transit Co.

*Appeals — Practice, Supreme Court — Assignments of error — Charge—Exceptions.*

1. Where only a general exception is taken to a charge to the jury, but no reason is alleged regarding the same in the hearing of the court, complaints as to the charge and answers to points will not be considered except for basic and fundamental errors imperatively calling for reversal.

*Negligence—Street railways—Fright—Leaving place of safety.*

2. A common carrier which is guilty of no negligence, is not liable for an injury to a passenger who, because of fright due to a collision, leaves a place of safety, and is injured in so doing.

3. A common carrier is not an insurer against accidents to its passengers.

*Appeals—Assignments of error—Failure to quote evidence—Verdict for defendant.*

4. Where the verdict is for the defendant, alleged errors which have no relation to plaintiff's right to recover, will not be considered.

5. An assignment of error to the admission of evidence will not be considered where the evidence is not quoted.

Argued March 27, 1919.    Appeal, No. 162, Jan. T., 1919, by plaintiffs, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1916, No. 4129, on verdict for defendant in case of Frank Mackowski and Freda Mackowski, his wife, v. Philadelphia Rapid Transit Company. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before SHOEMAKER, J.

Verdict and judgment for defendant.    Plaintiffs appealed.

*Errors assigned* were various instructions and ruling.

*Gallagher & Barnett,* for appellants, cited: McBride v. McNally, 243 Pa. 206; McNerny v. Phila. Rapid Transit Co., 27 Pa. Superior Ct. 168; Keller v. Hestonville, Mantua & Fairmount Pass. Ry. Co., 149 Pa. 65; Dougherty v. Pittsburgh Rys. Co., 213 Pa. 346; Paynter v. Atlantic City R. R. Co., 62 Pa. Superior Ct. 455; Fern v. Penna. R. R. Co., 250 Pa. 487; Gensemer v. Conestoga Traction Co., 237 Pa. 224; Brooks v. Phila. & Reading Ry. Co., 218 Pa. 1; Englehaupt v. Erie R. R. Co., 209 Pa. 182.

*Layton M. Schoch,* for appellee, cited: Green v. Pittsburgh, etc., Ry. Co., 219 Pa. 241; Dunlay v. Traction Co., 18 Pa. Superior Ct. 206.

OPINION BY MR. JUSTICE SIMPSON, May 12, 1919:

In their statement of claim plaintiffs allege they were passengers on a trolley car of defendant; that owing to the negligence of its employees, the car collided with a wagon; that by reason thereof the passengers became frightened and rushed to the rear of the car in order to pass out through an open door provided for their egress; that the step connected with the door was not in place, and hence Freda Mackowski, the wife, was thrown to the ground and received the injuries of which they complain. Evidence was produced by both parties, the case was submitted to the jury, which rendered a verdict for defendant, and after judgment plaintiffs now appeal.

A general exception was allowed to the charge, but no reason was "alleged regarding the same in the hearing of the court," or appears in the record. Because thereof, as stated in Sikorski v. Phila. & Reading Ry. Co., 260 Pa. 243, we cannot consider complaints as to the charge or the answers to points, "unless for basic and fundamental error imperatively calling for reversal." For that reason all the assignments of error, except the last, must be disregarded, save in so far as they suggest the "basic and fundamental" question hereinafter stated. The last assignment must also be disregarded because although it alleges error in permitting a physician to testify regarding Mrs. Mackowski's injuries, the testimony given by him is not printed in the assignment as required by Rule 28 of the rules of this court, and because also, the verdict being for defendant, the matter becomes unimportant.

At the trial it appeared the trolley car was one whose ordinary places of entrance and exit were at the front, but at the rear was an emergency door, which could be opened by a lever in case of necessity. When the collision between the trolley car and the wagon took place, some of the passengers became alarmed and yelled "Pull off the pole, pull off the pole," whereupon Mr. Mackowski opened a rear window and endeavored to pull it off, but

not succeeding owing to his excitement, he pulled the emergency lever instead. In the meantime, some of the excited passengers smashed in the glass of the upper part of the door and kicked and broke the lower part, and through the opening the passengers left the car. Whether or not the door was opened by the pulling of the emergency lever, or broken open by the kicking, and whether or not the step was lowered when Mrs. Mackowski got off, were matters disputed in the evidence; but it is certain there was no real emergency, she was in no danger, and would not have been hurt had she remained in her seat. As it was she was injured in getting off through the emergency door, she says because she alighted as if the step was there, when in fact it was not. She does not say she looked before she stepped down; perhaps owing to the pushing crowd she could not.

The trial judge charged the jury that if the collision was in any degree due to the negligence of defendant the verdict must be for the plaintiff; that if the jury believed Mrs. Mackowski was injured by reason of the step not being in place, defendant is presumed negligent and "must show that the accident was not the result of its negligence"; that as she was a passenger all presumptions were to be drawn in her favor; that if she had a "well grounded fear of imminent danger, she was justified in observing the instinct of self preservation, and leaving the car by the rear door, and if she was hurt in so acting," or if they believed she "exercised proper care in attempting to alight from the car," then the verdict must be for the plaintiff. The verdict being for defendant it is thereby conclusively established, for the purpose of this appeal, that defendant was not negligent, and that "plaintiff did not exercise proper care"; and the only basic question in the case is: If a passenger is scared by a collision which was not due to the negligence of the carrier, and though being in a place of safety rushes to the rear of the car to get off through an emergency exit, without exercising proper care in so doing, is the carrier liable for

the resulting injury? To so hold would be to make the carrier an insurer against accidents to its passengers, which from at least since Laing v. Colder, 8 Pa. 479, we have held it is not.

The judgment of the court below is affirmed.