## Welsh, Appellant, *v.* Jump House Wrecking Co. et al.

Argued January 6, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Henry A. Frye,* with him *Fletcher W. Stites,* for appellant.

*Chester N. Farr, Jr.,* with him *Bernard J. O'Connell,* for appellee.

PER CURIAM, February 3, 1931:

Plaintiff appeals from refusal of the court below to take off a nonsuit entered in an action in trespass to re-

cover for injuries sustained by him as the result of a collision between a truck of the Jump House-Wrecking Co. with a trolley car of the Philadelphia Rapid Transit Co., claiming the collision was caused by negligent operation of the two vehicles. The nonsuit was entered as to the Philadelphia Rapid Transit Company and a verdict rendered for the other defendant.

The accident occurred on the morning of June 16, 1927, while plaintiff was a passenger in a Philadelphia Rapid Transit Co. trolley car on Woodland Avenue, east of 43d Street, in the City of Philadelphia, the car running northeasterly. Plaintiff testified he was reading a newspaper and did not observe the movement of the car until he felt the brakes applied, and immediately a crash followed, which threw him forward off the lengthwise seat on which he was sitting, causing the injuries for which he asks compensation. Plaintiff's only other witness to the accident testified that there was a considerable down grade on this section of Woodland Avenue, that the trolley had been running about thirty miles an hour, and that as it approached 43d Street the brakes were applied, although the car did not stop there. The collision occurred about 35 feet east of 43d Street, and the testimony shows that when the trolley car came to a stop the Jump truck was wedged between it and a Breyer ice cream truck parked against the curb at this point. We find no evidence as to the position or movement of the truck before the collision, and the court below properly states that "The mere proof of a collision raises no presumption of negligence against the defendant railway company." Since the trolley car had the right of way (Ruthberg v. P. R. T. Co., 300 Pa. 536, 538-9), was apparently under the control of the motorman, and negligence on his part has not been proved, the court below correctly entered a nonsuit as to the transit company.

The order of the court below is affirmed.