Zaltouski et ux., Appellants, *v.* Scranton Railway Company.

532

Argued January 23, 1933.   Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George E. Ellis,* with him *Frank J. McDonnell,* for
appellants.—The accident and circumstances raised a
legal presumption of negligence: Hager v. R. R., 261 Pa.
359; Bickley v. R. R., 257 Pa. 369; Brooks v. R. R. Co.,
218 Pa. 1; Doud v. Hines, 269 Pa. 182; Mack v. Ry.,
247 Pa. 598; Hughes v. Transportation Co., 300 Pa. 55;
Orms v. Bus Co., 300 Pa. 475.

*Walter W. Harris,* of *O'Malley, Hill, Harris & Harris,*
for appellee.—The mere happening of the accident was
not sufficient to establish negligence: Welsh v. House
Wrecking Co., 306 Pa. 228; Wilkerson v. Ry., 309 Pa.
381.

OPINION BY MR. JUSTICE DREW, March 20, 1933:

While a passenger on one of defendant's street cars, Mary Zaltouski was injured when the rear of a coal truck skidded into the side of the car. She and her husband brought this action against the carrier, Scranton Railway Company. At the trial the jury disagreed, and later the court in banc entered judgment for the defendant on the whole record, under the Act of April 20, 1911, P. L. 70. From the judgment thus entered, plaintiffs appealed.

In reviewing this record we have in mind that all facts, and reasonable inferences from them, favorable to plaintiffs, must be accepted as true (Derrick v. Harwood Electric Co., 268 Pa. 136; Martin v. Lipschitz, 299 Pa. 211), and that judgment should have been entered on the whole record only if binding instructions should have been given to the jury: Derrick v. Harwood Electric Co., supra.

This accident occurred in Scranton, on North Main Avenue, near the Marvine Crossing, about seven o'clock on the evening of December 18, 1928. The street is 25 feet wide, and straight on each side of the crossing for several hundred feet; there is a single car track in the center, with a clearance of approximately ten feet on each side. Mrs. Zaltouski testified that she was sitting on the left side of the car, in the second seat from the front, and that as the car crossed the railroad tracks at the crossing, something smashed against it, shattering several windows on the left side, including the one beside her, and throwing her to the floor. The other witnesses for plaintiffs added nothing to Mrs. Zaltouski's account of the accident, except that the object which hit the car was a coal truck, and that both vehicles stopped within a few feet after the crash. She gave no account of how the accident occurred, nor did any of plaintiffs' witnesses. The sum total of plaintiffs' case was that there was a collision and that Mrs. Zaltouski was hurt. There

was nothing to show negligence in the operation of the street car.

Plaintiffs argue that defendant, as a common carrier, owed to its passengers the highest degree of care and diligence, and that when it was shown that Mrs. Zaltouski was injured, without fault on her part, while a passenger in defendant's street car, a presumption arose that the accident was caused by its negligence. While it is true that carriers are held to a high degree of care, we cannot assent to plaintiffs' contention that the mere fact of injury to a passenger raises a presumption of want of care on the part of the carrier. It is well settled that for this presumption to arise it must appear that the accident was caused by something connected with the means or appliances of transportation, such as defective tracks, cars, machinery, or motive power: Ry. Co. v. Gibson, 96 Pa. 83; P. R. R. v. MacKinney, 124 Pa. 462; Blew v. P. R. T. Co., 227 Pa. 319; Swink v. P. R. T. Co., 277 Pa. 220; Zolden v. Traction Co., 94 Pa. Superior Ct. 191; see Orms v. Traction Bus Co., 300 Pa. 474. The mere happening of the collision between defendant's street car and a truck not under its control or management, which was all plaintiffs' witnesses testified to, did not give rise to a presumption or even an inference of negligence on the part of the carrier: Ry. Co. v. Gibson, supra; Blew v. P. R. T. Co., supra; Kurts v. P. R. T. Co., 244 Pa. 179; Welsh v. Jump House Wrecking Co., 306 Pa. 228; Wilkerson v. Pittsburgh Rys. Co., 309 Pa. 381; Zolden v. Traction Co., supra.

It is true that the failure of plaintiffs to establish negligence would not be fatal to their case, were there anything in the testimony offered by defendant which would justify an inference that the accident was caused by the negligence of defendant's motorman. But no such inference can be drawn from defendant's testimony. The witnesses who testified for defendant stated that the truck had successfully turned into the traffic lane at the side of the car track, where there was ample clearance,

that it was proceeding in a course parallel to that of the car, and that it was entirely off the car track and the rear of the truck had passed the front of the street car, when the rear of the truck swerved against the side of the car. On this testimony, there was nothing the motorman could have done to avoid the collision; no act or omission on his part contributed in any way to the occurrence of the accident. Since the car was running on a fixed track, it was impossible for it to move over and hit the truck. It is obvious that plaintiffs' case is not helped by defendant's evidence.

Judgment affirmed.