Hughes *v.* Philadelphia Transportation Company, Appellant.

Argued November 16, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent).

*J. Allen Hodge,* with him *Bernard J. O'Connell,* for appellant.

*N. Horace Berman,* for appellee.

OPINION BY KENWORTHEY, J., January 27, 1944:

This action is for damages for personal injuries alleged to have been sustained through the negligence of the operator of one of appellant's busses. The appeal is from the refusal of appellant's motion for judgment n.o.v.

Plaintiff was a passenger in the bus. As it ap-

proached the regular stopping place near her home, she signalled the driver to stop and walked to the front. The bus stopped. Either immediately before it stopped or immediately after, she handed the driver a dime. After it stopped, the driver handed her a nickel change. While she was waiting for the driver to open the door so that she could get off, the bus was struck in the rear by an automobile. Plaintiff was thrown to the floor and injured.

There was nothing to indicate that the driver stopped suddenly. From all that appears, he operated the bus at a proper rate of speed; the bus was properly parked with ample room for a vehicle approaching from the rear to overtake and pass it and the road to the left of the bus was clear with no interference from a vehicle approaching in the opposite direction. It was broad daylight.

The liability is sought to be predicated on one or more, or perhaps a combination of all, of three bits of evidence. The plaintiff testified (1) the driver did not give a hand-and-arm signal of his intention to stop, (2) he admitted he did not see the approaching vehicle until it struck the bus, from which she contends the inference may be drawn he had not looked into the rear vision mirror before stopping, and (3) immediately after the collision, the driver remarked, "That fool was too darn close to the bus."

For present purposes we disregard the evidence produced by appellant which overwhelmingly indicates either that the collision was due exclusively to the fault of the driver of the automobile or that it was an unavoidable accident.

The rule of res ipsa loquitur is not applicable to cases involving a collision between the vehicle of a common carrier and another vehicle; general rules of negligence apply and the burden of proving all the elements of liability is on the plaintiff. *Zaltouski v. Scranton Ry.,*

310 Pa. 531, 165 A. 847; *Kelly v. P. T. C.,* 146 Pa. Superior Ct. 445, 23 A. (2d) 57. The plaintiff's burden was not only to prove negligence, but that negligence was the cause of the accident. *Wenhold v. O'Dea,* 338 Pa. 33, 35, 12 A. (2d) 115; *Foster v. West View Boro.,* 328 Pa. 368, 372, 195 A. 82; *Collichio v. Williams,* 311 Pa. 553, 166 A. 857. Assuming, without deciding, that the bus driver's failure to give a hand-and-arm signal was a technical violation of Par. (b) of Section 1012 of the Vehicle Code as amended by the Act of June 27, 1939, P. L. 1135 §25, 75 PS §571, and that the failure to look in the rear vision mirror to ascertain whether there were any vehicles following him, was a similar violation of Par. (a) of the same Section which requires an operator who is stopping or turning from a direct line to first see that such movement can be made in safety, the difficulty with plaintiff's case is there is nothing to indicate that either of these violations had anything to do with causing the accident. The purpose of these statutory requirements and the resulting risk at which they are directed is to require an operator to give notice of his intended action. Did the driver of this automobile have ample notice that the bus was making a stop in spite of the driver's failure to give a hand-and-arm signal? If the bus driver had looked in the mirror, would he have seen an automobile trailing him at an apparently safe distance and ostensibly under control? If the answer to these questions is yes, the alleged violations cannot be said to have been the proximate cause of the accident. The burden being on plaintiff to prove the negative, the failure to do so was a fatal weakness in her case.

The statement by the driver that, "That fool was too darn close to the bus," presupposes he did, in fact, look in the mirror before stopping. If so, it is too vague and indeterminate to justify predicating liability on it. It is like a statement that an automobile was travelling

"very fast." *Wertz v. Shade*, 121 Pa. Superior Ct. 4, 9, 182 A. 789. It was probably nothing more than an expression of the driver's judgment based upon the fact that the accident happened. And it should be borne in mind that his accompanying statement was that he did not see the automobile before it struck the bus. Moreover, it cannot be inferred from the plaintiff's testimony that the automobile struck instantly and was, therefore, crowding the heels of the bus as it stopped. She did not estimate the lapse of time between the stopping of the bus and the collision; it may have been one second or ten.

If the bus driver had given a hand-and-arm signal, there is nothing to indicate it would have revealed to the automobile operator anything more than what he already knew, viz, that the bus was going to stop and ultimately did stop. If the bus driver had looked in the mirror, there is nothing to indicate it would have revealed to him anything except an automobile approaching at a reasonable rate of speed at a safe distance, and knowing that in turning to the right and stopping he was leaving ample space for an overtaking vehicle, there would have been no reason for him to have done anything different from what he actually did. The motion for judgment n.o.v. should have been granted.

Judgment is reversed and entered for defendant.