LONGO et ux. v. YELLOW CAB CO.
No. 6669.

District Court, E. D. Pennsylvania.
Jan. 30, 1948.

James J. Leyden, of Schnader, Kenworthy, Segal & Lewis, all of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This action was brought by Joseph and Cecelia Longo, husband and wife, to recover damages for injuries sustained by the latter while she was a paying passenger in a taxicab, owned and operated by the defendant, a common carrier, which collided with another vehicle at an intersection. This court has jurisdiction because diversity of citizenship exists between the parties. The case was tried before a jury which found for the plaintiffs; the wife was awarded Five Thousand Dollars ($5,000) and her husband, One Thousand Dollars ($1,000).

In accordance with Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defendant has filed two motions, which are now before the court, one to set aside the verdict and the judgment entered thereon and to enter judgment in its favor in accordance with its motions for directed verdicts made at the conclusion of both the plaintiffs' case and of all the evidence, the other for a new trial.

At the outset, the jury, having found for the plaintiffs, this Court is required to interpret the facts and all inferences which may reasonably be drawn therefrom in the light most favorable to them. Christ v. Hill Metal & Roofing Co., 314 Pa. 375, 378, 171 A. 607; Phillips v. Philadelphia Transp. Co. et al., 358 Pa. 265, 266, 56 A.2d 225. Viewing the record in this manner, we believe the following to be a fair statement of the facts:

In the City of Philadelphia, Pennsylvania, Fifteenth Street, a south-bound highway, intersects Master Street, a west-bound highway, at right angles. These streets are twenty-six feet wide, have macadamized surfaces in good condition, a single set of trolley tracks in their centers, and are one-way streets in their respective directions. At night the intersection is adequately lighted by a single overhead lamp which hangs from a steel arm that extends from a wooden electric wire pole situated near the

Israel Packel, of Philadelphia, Pa., for plaintiffs.

south curb of Master Street, fifteen feet from the southwest corner of the intersection. There are no traffic controls at this intersection, but an unlighted stop sign, facing to the east, is located on the southeast corner to warn traffic on Master Street that at this particular intersection, Fifteenth Street is a through highway.

At about three o'clock in the morning of November 2, 1946, when the weather was clear and the streets dry, the wife-plaintiff was a paying passenger in defendant's taxicab which was being driven at the rate of at least twenty five miles per hour in a southwardly direction astraddle the east rail of the trolley tracks on Fifteenth Street. As the taxicab was crossing the intersection described above, its left front corner violently struck a Plymouth coupe traveling in a westwardly direction on Master Street. Immediately prior to, or at the time of, the collision, the taxicab swerved suddenly to the right in a southwesterly direction and then continued to proceed in a wide arc in a westwardly and then northwestwardly direction on Master Street. As a result of the impact and/or the sudden swerving of the taxicab, its left doors were flung open and the wife-plaintiff catapulted through the open doorway and out into the street. She landed at a point south of Master Street approximately twenty feet from the path of the taxicab and ten feet from the west curbline of Fifteenth Street. Only the strenuous effort exerted by the driver in clinging to the steering wheel prevented him from being projected in like fashion out of the left front door of the taxicab.

The taxicab, its left rear door (the glass of which was shattered) jammed in a completely opened position facing in a northwestwardly direction, came to a standstill when its forward motion was cut short after striking the left rear fender of an automobile parked in the north cartway of Master Street, forty two feet from the west curbline of Fifteenth Street and approximately sixty feet from the point of impact. Tire skid marks, beginning in the center of Fifteenth Street at a point one foot south of the south rail of the Master Street trolley tracks, plainly marked the path which the taxicab took until it came to rest in the position and place mentioned; the skid marks were between sixty and seventy feet in length. The Plymouth coupe came to a halt partly on the sidewalk after it struck the electric wire pole on the south side of Master Street, fifteen feet west of Fifteenth Street. As a result of the accident, the wife-plaintiff sustained a concussion of the brain, a broken nose and other injuries to her face, limbs and back; she also suffered from shock.

The grounds for defendant's first motion is that (1) there was no evidence of negligence on its part, and (2) the injury sustained by the wife-plaintiff was the proximate result of the negligence of the driver of the Plymouth coupe.

In Pennsylvania a common carrier has a duty of exercising the highest degree of care, vigilance and precaution compatable with its practical operation to prevent injury to its passengers. Hughes v. Pittsburgh Trans. Co., 300 Pa. 55, 150 A. 153; Petri v. Pittsburgh Rys. Co., 328 Pa. 396, 195 A. 107; Deady v. Philadelphia Rapid Transit Co., 100 Pa.Super. 208. This duty placed upon the common carrier does not make it an insurer. Before a common carrier may be held liable for injury to its passengers, it must be shown that it failed to perform the duty imposed upon it by law and that this failure was the proximate cause of the injury. Hughes v. Philadelphia Transit Co., 154 Pa.Super. 162, 35 A. 2d 544. It is only where a passenger sustains injury as the result of defective appliances or means of transportation or some other thing which the carrier can and ought to control as a part of its duty to carry him safely that the burden is cast upon the carrier to exculpate itself from a presumption of negligence: Archer v. Pittsburgh R. Co., 349 Pa. 547, 37 A.2d 539; Schulz v. Reading Transp. Co., 354 Pa. 373, 47 A.2d 213; Dupont v. Pennsylvania R. Co., 337 Pa. 89, 10 A.2d 444, 129 A.L.R. 1337; "in all other cases the burden is upon the passenger to prove such negligence". Nebel v. Burrelli, 352 Pa. 70, 74, 75, 41 A.2d 873, 875. The mere happening of an accident does not raise an inference of negligence. Welsh v. Jump House Wrecking Co., 306 Pa. 228, 159 A. 170; Wilkerson v. Pitts-

burgh Rys. Co., 309 Pa. 381, 163 A. 909; Pennsylvania R. Co. v. MacKinney, 124 Pa. 462, 17 A. 14, 2 L.R.A. 820, 10 Am.St.Rep. 601; Zaltouski v. Scranton Ry. Co., 310 Pa. 531, 165 A. 847; Kelly v. Philadelphia Transp. Co., 146 Pa.Super. 445, 23 A.2d 57. However this does not mean that negligence on the part of the common carrier need be proved by direct evidence; it may be inferred, as in other cases, from the circumstances attending an accident. Delmer v. Pittsburgh R. Co., 348 Pa. 147, 34 A.2d 502.

■■ In the instant case, we will assume arguendo, that the driver of the Plymouth coupe was negligent for not obeying the stop sign and failing to yield the right of way to the taxicab entering the intersection on Fifteenth Street; that he was driving his car without its front lights burning; and that he was under the influence of intoxicating liquor which affected his driving. But this assumption, taken in conjunction with the rule that a driver of a vehicle has the right to suppose within reasonable limits that another will obey the law, will not relieve the defendant from the duty of ordinary care owed by it under the circumstances to the driver of the Plymouth coupe, not to mention the duty of the highest degree of care owed to its passenger—with which this case is concerned. "Section 1014 of the Motor Vehicle Code of May 1, 1929, P.L. 905, as amended, 75 P.S. § 573, gives the right of way to the vehicle proceeding on a 'through highway', but provides that this 'shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way'. The right of way of a vehicle on a through highway is a qualified one and if the driver fails to observe the ordinary precautions in regard to speed and control of his vehicle and keeping a lookout for cars approaching an intersection, he may be held to be negligent. Maio v. Fahs, 339 Pa. 180, 14 A.2d 105." McCormick Transp. Co. v. Philadelphia Transp. Co., 161 Pa.Super. 533, at page 536, 55 A.2d 771, 773; Byrne v. Schultz, 356 Pa. 427, 160 A. 125; Mellott v. Tuckey, 350 Pa. 74, 38 A.2d 40; Stegner v. Florini, 3 Cir., 103 F.2d 980.

■ At the trial all the wife-plaintiff could recall was that she was riding as a passenger in the taxicab and that after regaining consciousness, she was in the street. The driver of the Plymouth coupe was not made a defendant or a third-party defendant to this action, nor was he called as a witness by either side. The only other person who was in a position to see how the accident occurred was the taxicab driver. An hour after the accident, this driver, in answer to questions put to him by members of the Accident Investigation Squad of the Bureau of Police, stated that at the time of the accident, although his taxicab was lacking a speedometer, he was traveling at the rate of twenty five miles per hour; that he did not see the Plymouth coupe until it was six feet in front of him; and that he really did not know how the collision occurred but that it must have been the left front of his taxicab that struck the other vehicle. He also testified that the front of his taxicab had just about reached the north rail of Master Street trolley track when the collision took place. These statements, when taken in connection with the mute but revealing circumstances surrounding the accident, are sufficient to support a finding by the jury that the defendant was negligent with respect to the driver of the Plymouth coupe and that this negligence contributed to the accident in that its taxicab was being driven at an excessive rate of speed under the circumstances, that its driver failed to maintain a proper lookout or he should have seen the other car sooner than he did, that he did not have it under sufficient control so that he could stop at the sign of danger and that he arbitrarily relied on his technical or qualified right of way in attempting to cross the intersection. See Schall v. Penn Transit Co., 352 Pa. 129, 42 A.2d 278; Scholl v. Philadelphia Suburban Transp. Co., 356 Pa. 217, 51 A.2d 732; Simon v. Moens, 356 Pa. 361, 51 A.2d 737; United States v. Goldman, D.C.E.D. Pa. 61 F.Supp. 315. Of course such a finding does not necessarily follow from the jury's verdict; it was not required to go that far in order to conclude that the de-

482

fendant was liable. All the jury was required to determine is whether or not the defendant had discharged its duty of care owed to its passenger. The jury found that it had not. From what has been said, it follows that there was sufficient evidence to support the jury's verdict. To hold otherwise by us would be a judicial invasion of the province over which ·the jury has traditionally reigned supreme. Petri **v.** Pittsburgh Rys. Co., supra; Doyle v. Philadelphia Transp. Co., 161 Pa.Super. 556, 55 A.2d 583.

Passing to defendant's motion for a new trial, the main reason for this motion was this court's affirmance of the plaintiff's point for charge which read as follows: "Even if the jury finds that the negligent operation of the other car was the primary cause of the collision, the jury has the right to conclude that the high care due the taxicab driver required either that ʼ he stop or that he be prepared to stop almost instantly should the other car fail to observe the stop sign and fail to yield the right of way". This point was based on Bell Cab Co. v. Coppridge, 81 U.S.App. D.C. 337, 158 F.2d 540, 551, a case almost on all fours with the instant case. Although at the time of the trial, it excepted to the affirmance of this point for charge, the defendant gave no grounds for its exception as required by Rule 51 of the Federal Rules of Civil Procedure. For this reason alone we could disregard defendant's ground for this motion. However we think the rule as set forth in the Bell Cab Co. case is the law in Pennsylvania, ·and we so hold. As has been pointed out, it was not necessary that the defendant be found negligent with respect to the driver of the Plymouth coupe before it could be held liable to its passenger. Had the driver of the Plymouth coupe been brought on the record as a third-party defendant, and as between the third-party plaintiff and the third-party defendant, the jury would have found for the former, we could not have disturbed this finding. Craig **v.** Gottlieb, 161 Pa.Super. 526, 55 A.2d 573; nor, as a matter of law, would such a finding be inconsistent with the verdict reached by the jury in this case. The affirmance of

the point for charge did not amount to **a** directed verdict for the plaintiff.

The other reasons given in support of this motion do not merit discussion.

Motions denied.