Sevast, Appellant, *v.* Lancaster Yellow Cab & Baggage, Inc.

Argued November 14, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

re-argument refused February 5, 1964.

*James P. Coho,* for appellant.

*Paul A. Mueller, Jr.,* with him *Barley, Snyder, Cooper & Mueller,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 8, 1964:

Plaintiff (appellant) was a passenger in defendant's taxicab which was struck by another automobile. That automobile was so quickly driven away that its driver and owner are unknown. The jury returned a verdict for defendant; a new trial was refused; from

the judgment entered on the verdict plaintiff has taken this appeal.

Plaintiff contends that she is entitled to have her case submitted to the jury on the basis that an inference of negligence arises from the fact that defendant taxicab company is a common carrier; however, she impliedly denies that she is basing her contentions for a new trial on the exclusive control doctrine or on the res ipsa loquitur doctrine. In the light of a multitude of authorities including *Killen v. Pennsylvania R.R. Co.*, 376 Pa. 320, 328-329, 102 A. 2d 140, and *Seburn v. Luzerne & Carbon Co. M. T. Co.*, 394 Pa. 577, 580, 148 A. 2d 534, and our very recent decision in *Izzi v. P.T.C.*, 412 Pa. 559, 195 A. 2d 784, it is obvious that plaintiff could not successfully contend that the doctrine of exclusive control or res ipsa loquitur apply. Moreover, under *Killen v. Pennsylvania R.R. Co.*, 376 Pa., supra, *Seburn v. Luzerne & Carbon Co. M. T. Co.*, 394 Pa., supra, and *Izzi v. P.T.C.*, 412 Pa., supra, and the many cases cited therein, it is clear as crystal that the general principles of negligence apply to this case.*

Plaintiff contends that whenever an accident happens in which a common carrier is involved, an inference of negligence arises and the burden of proving reasonable care is always imposed upon the common carrier. There is no merit in this contention. The law is well settled that the mere happening of an accident in which a common carrier is involved, raises no inference or presumption of negligence on the part of the common carrier or of any other person involved. *Killen v. Pennsylvania R.R. Co.*, 376 Pa., supra; *Miller v. Pennsylvania R.R. Co.*, 368 Pa. 507, 84 A. 2d 200; *Nebel v. Burrelli*, 352 Pa. 70, 41 A. 2d 873; *Rich Hill*

---

* Indeed, for many years, literally hundreds of collision cases involving passenger-plaintiffs and taxicab companies which were original or additional defendants have been tried yearly in the lower Courts under the general principles of negligence.

*Coal Company v. Bashore,* 334 Pa. 449, 7 A. 2d 302. See to the same effect, *Bohner v. Eastern Express, Inc.,* 405 Pa. 463, 175 A. 2d 864.

In *Killen v. Pennsylvania R.R. Co.,* 376 Pa., supra, where the plaintiff was a passenger on defendant's train, the Court said (pages 328-329) : " ' . . . " . . . ' "The mere fact of collision between a railway train and a vehicle at a highway grade crossing furnishes no basis for any inference as to whether the accident was caused by negligence of the railway company or of the traveler on the highway or of both or without fault of anyone." ' Furthermore, as was so well said by Justice STERN in Nebel v. Burrelli, 352 Pa. 70, 71, 74, 41 A. 2d 873 : 'The mere happening of a collision between the vehicle of a common carrier and a vehicle under other control or management does not give rise to any inference of negligence on the part of the carrier. The rule of res ipsa loquitur does not apply to such an accident : [citing cases] . . . . Our later cases are all to the effect that *it is only where an accident to a passenger happens through defective appliances or means of transportation** such as tracks, cars, machinery or motive power, that the burden is cast upon defendant to exculpate itself from an inference of negligence; in all other cases the burden is upon the passenger to prove such negligence : Swink v. Philadelphia Rapid Transit Co., 277 Pa. 220, 120 A. 827 ; Zaltouski v. Scranton Rwy. Co., 310 Pa. 531, 534, 165 A. 847, 848 ; Dupont v. Pennsylvania R. R. Co., 337 Pa. 89, 91, 10 A. 2d 444, 445.' " ' "

We find no merit in plaintiff's contentions.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.

---

* Italics throughout, ours.